■ In the Matter of VIVIAN SHERMAN, Appellant, v ADELE LEONARD, as Executive Directrix, Nassau County Civil Service Commission, Respondent. —In a proceeding pursuant to CPLR article 78 to annul respondent's refusal to certify petitioner to a certain civil service eligibility list and to compel such certification, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered July 1, 1975, which adjudged that the refusal was not arbitrary or capricious and dismissed the petition. Judgment affirmed, without costs. The determination in question was supported by substantial

evidence on the entire record and was neither arbitrary nor capricious. The proceeding was therefore properly dismissed. Rabin, Acting P. J., Hopkins, Martuscello and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the judgment and remand the proceeding to Special Term for a hearing, with the following memorandum: The record shows that 63 other employees who took promotion examination No. 78-919 for Probation Supervisor I with petitioner were, at the time of the examination, classified as provisional Probation Officer(s) II. Petitioner claims that her title at the time was Senior Probation Officer, which title, respondent concedes, is synonymous with the title Probation Officer II. It is also clear that candidates for the Probation Supervisor I position were required to serve "on a permanent basis in the competitive class for one year immediately preceding the date of the written test as *Probation Officer II*". Thus, it appears that the 63 others, as "provisionals", did not meet the requirement of one-year service on a "permanent basis". If this is so, I feel that petitioner was unfairly treated, was denied equal protection of the law and is entitled to the relief she seeks. A hearing is necessary to resolve this apparent violation of her rights.